FILED
SUPERIOR COURT
OF GUAM

2014 NOV 12 PM 3: 39

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>vs.<br><br>VINCENT RODRIGUEZ CEPEDA,<br><br>Defendant. | CRIMINAL CASE NO. CF0431-14<br><br>DECISION AND ORDER<br>(Defendant's Motion to Suppress<br>Evidence) |

### INTRODUCTION

This matter came before this Court on October 21, 2014, on Vincent Rodriguez Cepeda's ("Defendant") Notice of Motion and Motion to Suppress Evidence. Defendant was represented by Attorney Eric D. Miller from the Public Defender's Office. The People of Guam was represented by Assistant Attorney General Lisa Lorig. Following the hearing, the Court took the matter under advisement. On November 7, 2014, the Court orally denied Defendant's Motion to Suppress Evidence and reduces to writing its earlier decision. Upon review of the written and oral arguments and legal authorities presented by both parties, the Court hereby issues its written Decision on Defendant's motion **DENYING** Defendant's Motion to Suppress Evidence.

### BACKGROUND

On August 20, 2014, the Guam Police Department apprehended Defendant at his place of residence on #192 Artemio Cruz Street in Yona. While Defendant was in custody, Police Officer Reyes met with Defendant's girlfriend Yvonne M. P. Demapan ("Demapan"). Demapan took Officer Reyes to the back of the residence and gave him a bundle of items

Page 1
CF0431-14: *People v. Cepeda*
Decision & Order: Motion to Suppress Evidence

potentially related to the robbery of Mijin Market in Yona. On August 29, 2014, Defendant was indicted for the following: (1) Second Degree Robbery, (2) Special Allegation of Possession or Use of a Deadly Weapon in the Commission of a Felony, and (3) Assault. On September 17, 2014, Defendant asserted his rights to a speedy trial.

On October 7, 2014, Defendant filed his Notice of Motion and Motion to Suppress Evidence. Defendant alleges violations of his Fourth and Fifth Amendment rights which prohibit unreasonable search and seizure. On October 8, 2014, the People of Guam filed their Response to Defendant's Motion to Suppress Evidence. The People of Guam alleges that Demapan had actual authority to consent to the warrantless search of Defendant's apartment.

The Court heard oral arguments on October 21, 2014 and took the matter under advisement.

## DISCUSSION

### I.  Unreasonable Search and Seizure

The Fourth Amendment to the United States Constitution provides:

> "The right of the people to be secure in their person, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation and particularly describing the place to be searched, and the persons or things to be seized."

U.S. Const. Amend. IV. Under Section 1421(b)(c) of the Organic Act of Guam the protections of the Fourth Amendment are incorporated and makes it applicable to the Territory of Guam.

### II.  Warrantless Search

"'[W]arrants are generally required to search a person's home or his person unless 'the exigencies of the situation' make the needs of law enforcement so compelling that the warrantless search is objectively reasonable under the Fourth Amendment." *Mincey v. Arizona*, 437 U.S. 385, 393-394 (1978). "In the absence of a warrant, the police may lawfully conduct a search or seizure only if an exception to the warrant requirement applies." *Chargualaf*, 2001

Guam 1 ¶ 14. "The general rule that warrantless searches are presumptively unreasonable, however, is subject to certain well established exceptions...." *People v. Camacho*, 2004 Guam 6 ¶ 16. Exceptions include voluntary consent to the search, *Santos*, 1999 Guam 1 ¶ 33." *People of Guam v. Cundiff*, 2006 Guam 12.

### III.     Voluntary third party consent exception to the warrant requirement

#### a.   Common Authority

Voluntary consent to search is a recognized exception to the warrant requirement. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041 (1973).   The Supreme Court of the United States has established that voluntary consent can be obtained "either from the individual whose property is searched, see *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973), or from a third party who possesses common authority over the premises, see *United States v. Matlock, supra*, 415 U.S., at 171, 94 S.Ct., at 993." *Illinois v. Rodriguez*, 497 U.S. 177, 181, 110 S. Ct. 2793, 2797, 111 L. Ed. 2d 148 (1990).

The issue in this case is whether Demapan possessed a common authority over the premises that Demapan resided in.   The Supreme Court of the United States stated that, "[c]ommon authority" rests "on mutual use of the property by persons generally having joint access or control for most purposes...." *Id*.   In this case, the Defendant did not submit any declaration or present any witness to validate the facts.   The Court heard from Officer Reyes during the October 21, 2014 hearing and was limited to the facts testified by him.   Officer Reyes testified that Demapan mentioned to him that she was staying with the Defendant at the residence.   Officer Reyes also testified that he waited outside the house while Demapan went inside the house to retrieve the items.   Based on the facts, the Court finds that Demapan had mutual use of the property and that she had access and control of the premises.   Therefore, Demapan had common authority with Defendant over the premises.

#### b.   Consent

The next issue is whether the consent by Demapan was voluntary.   The Supreme Court of Guam established a test for consent which states that, "consent is voluntariness and is determined from all the circumstances of a particular case. *Rothman*, 492 F.2d at 1264 (citations

omitted)." *People of Guam v. Santos*, 1999 Guam 1. In addition the Court states, "A court is required to carefully sift through the unique facts and circumstances of each case. *Rothman*, 492 F.2d at 1264. Thus, a balance can be struck between the defendant's right to be free from coercive conduct and the government's legitimate need to conduct lawful searches. *Schneckloth*, 412 U.S. at 227, 93 S.Ct at 2048." *Id.* Voluntariness is determined from "the totality of the circumstances.... Factors in determining voluntariness include: 1) whether the defendant was detained and the length of time of the questioning; 2) whether the defendant was threatened or intimidated by the police; 3) whether the defendant relied on misrepresentations or promises made by the police; 4) whether the person was in custody or under arrest when the consent was given; 5) whether the person was in a public or a secluded place; and 6) whether the defendant objected to the search." *People of Guam v. Cundiff*, 2006 Guam 12.

Based on the limited facts, Officer Reyes testified that Demapan was frustrated with the Defendant and that she didn't want anything to do with him. Officer Reyes testified that Demapan asked him to follow her to the back of the house. Officer Reyes' testimony didn't mention that Demapan felt threatened or intimidated. The fact that Demapan requested Officer Reyes to follow her adds her voluntariness. In addition, Officer Reyes testified that Demapan went to the house by herself. If Demapan felt threatened or objected to the search, Demapan could have easily stayed in her house or called for help. Based on the testimony of Officer Reyes, the Court finds that Demapan voluntarily consented to the search when she went into the residence to retrieve items given to Officer Reyes. Therefore, Demapan's consent was voluntary.

In conclusion, the Court finds that there was voluntary consent to search the property by Demapan and therefore there was no unreasonable search and seizure in violation of the Fourth Amendment. In review of the moving papers filed by both parties, the oral arguments, and witness presented, the Court is satisfied at this time. Therefore, Defendant's Motion to Suppress Evidence is **DENIED**.

///

///

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court

**DENIES** Defendant's Motion to Suppress Evidence.

**SO ORDERED** this _12_ day of NOVEMBER, 2014.

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam